IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

WASTE MANAGEMENT, INC., *et al.*,

        Plaintiffs,

v.                                                            Civil Action No. 3:17cv60

GREAT DIVIDE INSURANCE
COMPANY, *et al.*,

        Defendants.

## MEMORANDUM ORDER

Plaintiffs Waste Management, Inc., Waste Management of Virginia, Inc., King George Landfill, Inc., and King George Landfill Properties, Inc. (collectively, "Plaintiffs") filed this action against Defendants Great Divide Insurance Company, Nautilus Insurance Company (collectively, the "Defendants") and Arthur A. Robinson.[1] (ECF No. 1.) Plaintiffs filed an Amended Complaint before any defendant appeared in the action. (ECF No. 6.) Plaintiffs' Amended Complaint flows from a negligence suit Robinson filed in state court against the Plaintiffs (the "Robinson Suit").

The Amended Complaint seeks a declaratory judgment that the Defendants have contractual duties to defend and indemnify Plaintiffs in the Robinson Suit, and alleges breach of contract claims for the Defendants' failure to abide by those duties to date. Defendants filed an answer and counterclaim in which they denied any duty to defend and indemnify Plaintiffs for the Robinson Suit. In their counterclaim, the Defendants sought a declaratory judgment of non-responsibility to defend and indemnify in the Robinson Suit, and also sought a declaratory

---

[1] Robinson later was dismissed as a defendant upon the consent of the parties. (ECF No. 43.)

judgment of non-responsibility to defend or indemnify in a case filed in Maryland state court (the "Thomas suit"). The Thomas suit arises from events that occurred in a different place, involves a different plaintiff, and is brought against at least nine defendants who are not named Plaintiffs in the Amended Complaint in this case.

After the Defendants filed their counterclaims, Plaintiffs filed a Motion to Dismiss Defendants' Counterclaims ("Plaintiffs' Motion to Dismiss"). (ECF No. 20.) The Defendants then filed a Motion to Dismiss Underlying Claimant Parties for Lack of Standing, (the "Motion to Drop Robinson"), (ECF No. 28), and a Motion to Drop the Waste Management Subsidiaries as Parties, (the "Motion to Drop Subsidiaries"), (ECF No. 29). The Defendants later filed a Motion to Strike, (ECF No. 37), which Plaintiffs did not oppose, (*see* ECF No. 46). As noted Robinson later was dismissed as a defendant upon the consent of the parties, (ECF No. 43), mooting the Motion to Drop Robinson, (ECF No. 28).

The Court referred all of the above motions to the Honorable David J. Novak, United States Magistrate Judge, pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Federal Rule of Civil Procedure 72(b). Judge Novak filed a Report and Recommendation ("R&R") on June 30, 2017. (ECF No. 50.) Judge Novak recommended that the Court grant in part and deny in part Plaintiffs' Motion to Dismiss; deny as moot the Defendants' Motion to Drop Robinson; deny the Defendants' Motion to Drop Subsidiaries; and, grant the Defendants' Motion to Strike. (R&R 17, ECF No. 50.)

By copy of the R&R, each party was advised of the right to file written objections to the findings and recommendations made by Judge Novak within fourteen days after being served with a copy of the R&R. 28 U.S.C. § 636(b)(1); (R&R 17–18). The Defendants timely objected

to the R&R, and Plaintiffs filed a response. (*See* ECF Nos. 52, 53.) Plaintiffs have filed no objection to the R&R and the time to do so has expired.

The Defendants object to numerous aspects of the R&R. (*See* Obj. 2–4, ECF No. 52.) The Defendants argue that Judge Novak erred in: (1) addressing the merits of Plaintiffs' Motion to Dismiss before considering the merits of Defendants' Motion to Drop Subsidiaries; (2) "failing to properly interpret and apply" federal rules; (3) relying on "inapposite legal precedents" and "ignor[ing] a substantial body of longstanding insurance-coverage precedent"; (4) "ignor[ing] the real-word fact that [Waste Management, Inc.] is the only necessary party to this coverage dispute; and, (5) recommending that the Court not "join resolution of coverage for the Thomas Suit with resolution of coverage for the Robinson Suit." (*Id.*) In sum, the Defendants assert both procedural and substantive reasons why the Magistrate Judge "could have wisely recommended exercising the Court's 'wide discretion' to allow joinder here." (*Id.* at 4.)

The Court has conducted a *de novo* review of the R&R and Defendants' objections. The Court is unpersuaded by Defendants' arguments about the various ways in which the R&R failed. First, Defendants cite to no law—binding or otherwise—in support of their argument that Judge Novak should have first addressed the Motion to Drop Subsidiaries before examining the merits of Plaintiffs' Motion to Dismiss. (*See* Obj. 2, 5, 11–12.) They merely assert, in a conclusory fashion, that the "Defendants' motion papers made it clear that the appropriate solution here is to treat [Waste Management, Inc. ("WMI")] as the only real party in interest . . . . Once that solution is adopted, there is no longer any reason to deny joinder and permit the entire Counterclaim to proceed." (*Id.* at 12.) Further, although the Defendants argue vehemently that the Court should not adopt the R&R, even Defendants recognize the wide discretion this Court has in granting or denying joinder, and they, appropriately, stop short of arguing anything other

3

than the Court *could* join the declaratory issues in the Robinson Suit and the Thomas Suit. (*See id.* at 13.)

The Court is similarly unpersuaded by Defendants' contention that Judge Novak relied on inapplicable law in the R&R. Although Defendants contend that "a substantial body of longstanding precedent illustrat[es] the legality and practicality of joining multiple underlying events in a single insurance coverage action," (Obj. 8), Defendants' citations to cases allowing joinder of multiple products liability claims and injury arising from exposure to asbestos are inapposite. Significant differences exist between products liability actions and cases involving asbestos litigation and the issues of insurance coverage for a personal injury claim that are presented in the Thomas Suit and the Robinson Suit. As the R&R correctly stated:

> At most, [the Robinson and Thomas] coverage actions have in common that they (1) stem from state lawsuits brought by [employees of the same company], (2) involve transportation service agreements that contain similar language in certain provisions, and (3) trigger (or do not trigger) coverage from one or more of three insurance policies. They arise from separate sets of facts and separate agreements, despite any common issues.
> . . . . [B]oth actions would involve consideration of the same three insurance policies, but the evidentiary overlap ends there.

(R&R 11 (footnote omitted).)

Finally, Defendants' argument that Judge Novak did not recognize that "Maryland law will govern the coverage issues in this case" fails. The R&R stated outright that "Maryland contract law governs both service agreements." (R&R 11 n.5.) The Magistrate Judge's citation to a case from the Eastern District of Virginia for the basic principle that the facts underlying the Thomas Suit and the Robinson Suit "necessarily inform whether or not Defendants have a duty to defend and/or indemnify the Plaintiffs and/or Counter Defendants," (R&R 10), cannot support Defendants' argument.

4

Accordingly, finding no error in the R&R, the Court:

1) ADOPTS the findings and recommendations set forth in the R&R, (ECF No. 50);

2) OVERRULES Defendants' objections;

3) GRANTS IN PART Plaintiffs' Motion to Dismiss, (ECF No. 20);

4) DENIES AS MOOT Defendants' Motion to Drop Robinson, (ECF No. 28);

5) DENIES Defendants' Motion to Drop Subsidiaries, (ECF No. 29);

6) GRANTS Defendants' Motion to Strike, (ECF No. 37);

7) DISMISSES Defendants' Counterclaims I-B, II-B, IV, and V-B; and,

8) DISMISSES the following Counter-Defendants:

- Baltimore Refuse Energy Systems Company;
- Wheelabrator Baltimore, L.P.,
- Wheelabrator Baltimore, Inc.;
- Wheelabrator Baltimore, L.L.C.;
- Waste Management of Maryland;
- Waste Management Disposal Services of Maryland, Inc.;
- Waste Management National Services, Inc.;
- Waste Management Services, Inc.; and,
- Wheelabrator Technologies, Inc.

Because the Court dismisses the above Counter-Defendants, the Court DENIES AS MOOT Plaintiffs' Agreed Motion Regarding Responses to Counterclaim. (ECF No. 47.)

In order to clarify the record, the Court ORDERS Defendants to file an Amended Counterclaim that complies with the R&R as fully adopted. Defendants SHALL file their Amended Counterclaim by close of business October 10, 2017.

The Court further GRANTS Plaintiffs' Agreed Motion Regarding Submission of Answer to Counterclaim, (ECF No. 22), and ORDERS Plaintiffs to file their Answer to Defendants' Amended Counterclaim by close of business October 24, 2017.

Let the Clerk send a copy of this Order to all counsel of record.

It is so ORDERED.

/s/ M. Hannah Lauck
United States District Judge

Date: 10/3/17
Richmond, Virginia