IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| WASTE MANAGEMENT, INC., *ET AL*, | |
| Plaintiffs, | |
| v. | Case No. 3:17-cv-00060-MHL |
| GREAT DIVIDE INS. CO., *ET AL*, | |
| Defendants, | |
| v. | |
| WASTE MANAGEMENT, INC., *ET AL.*, | |
| Counter-Defendants. | |

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION FOR ENTRY OF AGREED ORDER REGARDING THE SCOPE OF BRIEFING

Plaintiffs Waste Management, Inc. *et al.* herein (collectively "WMI") and Defendants Great Divide Insurance Company *et al.* (the "Insurer Defendants"), by their respective undersigned counsel, and pursuant to Fed. R. Civ. P. hereby respectfully support their Motion for entry of their proposed Agreed Order Regarding the Scope of Briefing, as follows:

1. Fed. R. Civ. P. 5.2(e) permits the Court, for good cause shown, to order redaction of filings or to limit non-party access to filings. This action involves issues that implicate disclosure of positions and related evidence about the nature of the claims and allegations in the underlying Robinson tort suit (the "Robinson Suit"), including discovery requests and responses, work-product information and documents, and common-interest communications relating to the defense of the underlying Robinson Suit. This information

{W3204853.1 002489-083535 }

should not be disclosed to underlying Plaintiff Robinson, his counsel, potential jurors in the Robinson Suit, or others not involved in the instant insurance coverage action pending in this Court. This Court previously entered a Protective Order (Docket No.: 66) to shield such information from disclosure in the discovery process. The parties herein request that their motions for summary judgment, briefs, statements of material facts, and any other related documentation be filed under seal to shield them from Plaintiff Robinson and all others who might participate in it.

2. Local Rule 7(F)(3) provides that all briefs, exclusive of affidavits and supporting documentation, shall not exceed thirty (30) pages, except for good cause shown in advance of filing. This coverage action is multi-faceted and complex, and requires lengthy recitation of contract and insurance policy language and historical summary of the underlying tort events and the allegations of the Robinson Complaint, as well as the relevance of all that information to any duty to defend on the part of the Insurer Defendants. In addition, the parties will present and analyze relevant case law pertaining to insurance coverage and the duty to defend primarily from Maryland but also from various jurisdictions nationwide. Given the complexity of the issues in dispute and also the lengthy history involved, the parties herein request that they be permitted to submit initial briefs no longer than fifty (50) pages plus a separate statement of material facts no longer than ten (10) pages.

3. The parties have agreed that the duty to indemnify is not yet ripe for adjudication, because underlying tort Plaintiff Robinson has only recently re-filed the tort action against WMI and, upon information and belief, has not yet served the re-filed action. It appears that settlement or judgment in the Robinson tort suit will not occur until

2019 at the earliest. Consequently, WMI has not incurred, and likely will not in the near future incur, any loss for which the Insurer Defendants might owe indemnity. Therefore, the parties herein respectfully request that the Court enter an Order that any duty to indemnify is not yet ripe for adjudication and shall not be the subject of any dispositive motion or briefing at this stage of the coverage litigation.

4. The parties further agree that the excess policy issued by Defendant Nautilus Insurance Company is not relevant to the duty to defend and would only become relevant after WMI suffered a loss by judgment or settlement. Therefore, the parties herein respectfully request that the Court enter an Order directing that coverage under the Nautilus excess policy is not relevant to the duty to defend and shall not be the subject of any dispositive motion or briefing at this stage of the coverage litigation.

WHEREFORE, the undersigned counsel for the parties herein respectfully join in asking the Court to enter the proposed Agreed Order Regarding the Scope of Briefing submitted herewith.

DATED:   April 27, 2018

Respectfully submitted,

/s/ *Douglas A. Winegardner*
Douglas A. Winegardner (VSB No. 46570)
SANDS ANDERSON PC
Bank of America Center, Suite 2400
1111 East Main Street
Post Office Box 1998
Richmond, Virginia 23218-1998
Phone: (804) 783-7270
Fax:    (804) 783-7291
Email: dwinegardner@sandsanderson.com
*Counsel for Plaintiffs/Counter Defendants*

and

*/s/ Andrew Butz*
Andrew Butz, Esquire (VSB No. 16280)
BONNER KIERNAN TREBACH & CROCIATA LLP
1233 20th Street, NW, 8th Floor
Washington, DC 20036
Telephone: 202-712-7000
Telefax: 202-712-7100
abutz@bonnerkiernan.com
*Counsel for Defendants/Counter-Plaintiffs*